UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID MEYERS, | ) | CASE NO.  3:12 CV 1051 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN, F.C.I.  ELKTON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Before the court is *pro se* petitioner David Meyer's above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(ECF No. 1).   Meyers, who is incarcerated at the Federal Correctional Center in Elkton, Ohio (F.C.I.  Elkton), alleges he is entitled to consideration for 12 months placement in a Residential Re-entry Center (R.R.C.).  He requests an Order directing the Bureau of Prisons (BOP) to immediately evaluate his placement in a R.R.C. in accordance with the factors set forth in 18 U.S.C. § 3621(b). For the following reasons, the Petition is dismissed as moot.

*Background*

The Petition is a generic overview explaining the facts and circumstances that led to passage of the Second Chance Act of 2007 (hereinafter "the Act"), Pub. L. 110-199, 122 Stat. 657.  From his

reading of the statute's history, Petitioner concludes that Congress intended that all prisoners are entitled to receive 12 months placement in a community corrections setting, unless the BOP can justify otherwise.  He acknowledges that this placement must be warranted under the factors set forth in §3621(b).

Petitioner is scheduled for release on February 14, 2014.  Moreover, he does not disclose when he is eligible for an evaluation of his placement in a RRC, but claims he would not have sufficient time to exhaust his administrative remedies if he waited until he were eligible

*Standard of Review*

For any federal habeas petitioner, "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson* 471 F.2d 1249, (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970).) Therefore, if "it appears from the application that the applicant or person detained is not entitled [to relief] thereto," the petition will be dismissed. *See* 28 U.S.C. §2243.

*Jurisdiction*

Before reaching the merits of a case, a federal court must ensure it has jurisdiction over the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431(2007).  Without question, this Court had personal jurisdiction over Petitioner's custodian at the time he filed this Petition.  *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian).  Although this was the proper venue for Petitioner to file his request for habeas relief, this Court no longer has subject matter jurisdiction over the case. *See e.g. Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, (1999)(proper to resolve personal jurisdiction ... without

having first determined subject matter jurisdiction).

To exercise its power under Article III of the Constitution, this Court must have a live case or controversy. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Therefore, when a case or issue has "lost its character as a present, live controversy" the court loses jurisdiction, rendering the matter moot. *Hall v. Beals*, 396 U.S. 45, 48 (1969). Because this Court's authority is dependent upon a live case or controversy, mootness is a jurisdictional question. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

The essence of any habeas corpus petition "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). This is why Petitioner's request for release to a RRC or home confinement is properly filed as a habeas petition. A review of the BOP's Inmate Locator Service, however, indicates he is no longer incarcerated at F.C.I. Elkton. See http://www.bop.gov/iloc2/LocateInmate.jsp. Petitioner is currently housed at the Community Corrections Management (CCM) field office in Cincinnati, Ohio. As such, he is no longer suffering from the injury for which he sought this Court's relief. The Supreme Court has consistently held that, unless an injury is accompanied by "continuing, present adverse effects," it "does not in itself show a present case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)(quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)).

In the Sixth Circuit, a prisoner's placement in a RRC during the pendency of a habeas corpus petition, seeking earlier placement, renders the petition moot. *See Demis v. Sniezak*, 558 F.3d 508, 513 (6th Cir. 2009); *see also Brock v. United States Department of Justice*, No. 07-5022, 2007 WL 4163854 (6th Cir. Nov. 21, 2007); *Marshek v. Eichenlaub*, 266 Fed.Appx. 392, 393 (6th Cir.2008) (per curiam) ("This appeal has clearly been rendered moot by Marshek's placement in a C.C.C. We must, and do, dismiss his appeal."). Inasmuch as federal courts have "no authority to render a

decision upon moot questions or to declare rules of law that cannot affect the matter at issue,"

NAACP v. City of Parma, 263 F.3d 513, 530 (6th  Cir.2001), the Court lacks subject matter

jurisdiction.

Conclusion

Based on the foregoing, the Petition is dismissed as **moot**.  The Court certifies that

an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


*/s/Dan Aaron Polster 12/27/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE